**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PABLO GONZALEZ-AVILES and | : | |
| HELEODORO PENA-GONZALEZ, | : | |
| | : | |
| Plaintiffs, | : | CASE NO. 1:15-CV–03463 (MJG) |
| | : | |
| v. | : | |
| | : | **REPLY BRIEF** |
| THOMAS E. PEREZ, Secretary, U.S. | : | **IN SUPPORT OF** |
| Department of Labor, *et al.*, | : | **MOTION TO DISMISS** |
| | : | |
| Defendants. | : | |

The arguments Plaintiffs advance in their opposition to the Government Defendants' motion to dismiss fail to overcome the deficiencies in their Complaint. Thus, this Court should dismiss Plaintiffs' Complaint in its entirety as asserted against the Government Defendants.

**I.      Plaintiffs' First Cause of Action Should be Dismissed.**

   *a.   Plaintiffs Fail to Identify an Agency Action.*

Plaintiffs attempt to distinguish Supreme Court and binding Fourth Circuit case law on the issue of whether their first cause of action asserts a final agency action that is reviewable under the APA. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004) ("*SUWA*"); *Vill. Of Bald Head Island v. U.S. Corps of Eng'gs*, 714 F.3d 186, 193-94 (4th Cir. 2013). However, Plaintiffs fail to demonstrate that their first cause of action amounts to APA action, let alone final action.

Plaintiffs allege that DOL "accepted" or "allowed" the Employer Defendants "to pursue legal challenges to their SPWD determinations through administrative appeals to the NPC pursuant to 20 C.F.R. § 655.10(g), to the Director of the NPWC pursuant to 20 C.F.R. § 655.11(a), and to BALCA pursuant to 20 C.F.R. § 655.11(e)." Compl. ¶ 69. However, Plaintiffs nowhere substantiate their assertions that DOL exercised its power in accepting or allowing these appeals,

which, as Plaintiffs themselves note, is the hallmark of agency action. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001). Rather, the regulations to which Plaintiffs cite merely set out the process by which employers may appeal their supplemental prevailing wage determinations; they assign no role to DOL in screening an employer appeal from being heard by the National Processing Center ("NPC"), the National Prevailing Wage Center ("NPWC"), or the Board of Alien Labor Certification Appeals ("BALCA") from hearing an employer appeal. *See* 20 C.F.R. §§ 655.10(g), 655.11(a), and 655.11(e) (2009). Thus, Plaintiffs have failed to sufficiently allege that DOL took an action, as recognized under the APA, which can be challenged under that statute. *See Vill. Of Bald Head Island*, 714 F.3d at193 ("The term 'action' as used in the APA is a term of art and does not include all conduct . . . . Rather, the APA's definition of agency action focuses on an agency's *determination* of rights and obligations.") (emphasis in original) (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)); *Indep. Equipment Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004) ("[T]he term is not so all-encompassing as to authorize us to exercise judicial review over everything done by an administrative agency.").

Plaintiffs' arguments, and the cases they cite, in support of the contrary position are inapposite. Plaintiffs argue that DOL created a rule, because the agency's allowances or acceptances of employer appeals constitute "a statement of both general and particular effect designed to interpret law." Dkt. 140, Pls.' Opp. Br., at 11; *see also* 5 U.S.C. § 551(4). However, Plaintiffs do not establish in their Complaint, nor in their opposition brief, that DOL's allowances or acceptances of employer appeals were statements designed to interpret law; rather, the regulations they cite and their substantiated allegations merely describe the processing of

employer appeals up to the requested level of review as a matter of course. *See Natl. Ass'n of Home Builders v. U.S. Army Corps of Eng'gs.*, 417 F.3d 1272, 1284–85 (D.C. Cir. 2005) (defining a rule as "a legal prescription"). Indeed, the cases Plaintiffs cite are all distinguishable, because they all concern deliberate pronouncements of law. *Ciba-Geigy Corp. v. EPA*, 801 F.2d 430, 435–37 (D.C. Cir. 1986) and *Nat'l Automatic Laundry & Cleaning Council v. Shultz*, 443 F.2d 689, 698 702 (D.C. Cir. 1971) address letters sent by agencies that announce an interpretation or application of law. *Nat'l Automatic Laundry & Cleaning Council*,  443 F.2d at 701 (describing the letter in question as "intended as a deliberative determination of the agency's position at the highest available level"). *District of Columbia v. DOL*, 34 F.Supp. 3d 172, 188 (D.D.C. 2014), and *United Space Alliance LLC v. Solis*, 824 F.Supp. 2d 68, 79 (D.D.C. 2011), concern judicial review of a final order issued by DOL's Administrative Review Board. *CATA v. Solis*, CA 09-240, 2010 WL 4823236, at *2 (E.D. Pa. Nov. 24, 2010), concerned a challenge to DOL's H-2B regulations themselves, and not the way DOL behaved according to the regulations. Finally, *UFW v. Chao*, 227 F.Supp. 2d 102 (D.D.C. 2002), and *NAACP v. Donovan*, 558 F.Supp. 218, 221–23 (D.D.C. 1982), concerned challenges to DOL regulations which DOL interpreted through issuing adverse effect wage rates according to a particular schedule and temporary labor certifications, respectively.

Therefore, Plaintiffs' first cause of action must be dismissed because it does not challenge an "action" within the meaning of the APA.

      *b.  Plaintiffs Fail to Identify a Final Action.*

Even if Plaintiffs had sufficiently alleged an agency action, they have not alleged a final action. Plaintiffs first argue, without legal support, that DOL's "allowances" or "acceptances" of

the appeals marks the consummation of the agency's decision-making process because "there is

no appeal from BALCA." Pls.' Opp. Br. at 13. However, according to the Complaint, and the

regulations cited, the alleged actions at issue were not undertaken by the BALCA; the alleged

allowances or acceptances of employer appeals merely permitted the employer appeals to

ultimately advance *to* the BALCA, where the BALCA ruled on the legality of the Secretary's

authority. Dkt. 1, Compl. ¶¶ 55, 57; *see also* 20 C.F.R. §§ 655.10(g), 655.11(a), and 655.11(e)

(2009). Plaintiffs cannot have it both ways and successfully argue that *both* the alleged

"allowances" or "acceptances" of the administrative appeals *and* the BALCA's decision upon

receiving the appeals constitute final action. In any event, such alleged permission to merely

advance to successive stages of the administrative process cannot be the consummation of an

agency's decisionmaking process.[1] *See, e.g.*, *Nat'l Ass'n of Home Builders*, 417 F.3d at 1279

(noting that if the issuance of the permits at issue in that case "had merely altered the procedural

framework for obtaining [agency] permission to discharge fill or dredged material into navigable

waters," no agency action would be found because "[a] requirement that a party participate in

additional administrative proceedings 'is different in kind and legal effect from the burdens

attending what heretofore has been considered to be final agency action.'") (quoting *FTC v.

Standard Oil Co.*, 449 U.S. 232, 242 (1980)). Second, Plaintiffs argue that "legal consequences

flowed" from the alleged allowances or acceptances of employer appeals in that (1) "DOL

automatically stayed the duty to pay the increased wages until the appeals became final" and (2)

"DOL's misinterpretation . . . permitted BALCA to issue its *Island Holdings* decision." Pls.'

---

[1] The Government Defendants do not concede that DOL gave permission for any employers to
administratively appeal their SPWDs; however, even if it did, such permission would not
constitute final agency action.

Opp. Br. at 13–14. While Plaintiffs' former allegations may rise to a direct and immediate legal consequence of DOL's allowances or acceptances of the employer appeals, as to the latter allegations, the substance of the *Island Holdings* decision was certainly not an inevitable or even expected consequence of DOL's alleged shepherding of the employer appeals through three levels of administrative review. *Cf. Nat'l Ass'n of Home Builders v. Norton*, 415 F.3d 8, 15 (D.C. Cir. 2005) ("[I]f the practical effect of the agency action is not a certain change in the legal obligations of a party, the action is non-final for the purpose of judicial review.").

Thus, because Plaintiffs' first cause of action fails to allege a final agency action, it must be dismissed.

### c.   *Plaintiffs Fail to State a Claim for a Regulatory Violation.*

Finally, even if Plaintiffs had alleged a final agency action, they fail to state a claim sufficient to withstand dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. None of the regulations of which the Government Defendants are allegedly in violation even arguably support Plaintiffs' contentions because they do not vest DOL with authority to refuse any employer appeals. First, 20 C.F.R. § 655.10(g) provided no basis for the NPC to reject an appeal out-of-hand and rather states that "[t]he NPC must consider one supplemental submission relating to the employer's survey, the skill level assigned to the job opportunity, or any other legitimate basis for the employer to request such a review." 20 C.F.R. § 655.10(g) (2009). The regulation further states that if the NPC affirms its skill level determination, the employer's options are to (1) "apply for a new wage determination, [2] appeal under § 655.11, or [3] acquiesce to the initial PWD." *Id.* Second, 20 C.F.R. § 655.11(a) provided absolutely no discretion for the NPC to refuse an appeal and—the regulation merely sets forth the process by

which an employer requests review of a PWD. 20 C.F.R. 11(a) (2009). Third, 20 C.F.R. §11(e),

which governs a request for review by BALCA, again provides no authority for DOL to refuse

an appeal; the regulation specifically states that "[u]pon receipt of a request for a review, the CO

[certifying officer] *must immediately* assemble an indexed appeal file" and "*must* send the

Appeal File to the Office of Administrative Law Judges." 20 C.F.R. § 655.11(e) (2009)

(emphasis added). Finally, 20 C.F.R. § 655.33, the regulation governing BALCA's review of

appeals, also provides no basis on which the BALCA can refuse to accept an appeal so long as

extraneous evidence is not submitted and rather states that "[t]he BALCA *must* review the CO's

determination only on the basis of the Appeal File, the request for review, and any legal briefs

submitted and *must* (1) [a]ffirm the CO's determination; or (2) [r]everse or modify the CO's

determination; or (e) [r]emand to the CO for further action." 20 C.F.R. § 655.33 (2009)

(emphasis added).

Plaintiffs argue that the Court should defer ruling on whether the DOL Defendants violated

the three regulations in question because "that is an issue for the merits." Pls.' Opp. Br. at 16.

However, this is incorrect. Analysis under Rule 12(b)(6) is to determine whether a complaint's

factual allegations are sufficiently pled so as to raise a plausible inference that the defendants

inflicted a legally cognizable harm upon the plaintiffs, and mere legal conclusions do not suffice.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556

(2007). Under such an analysis, a "complaint's factual allegations must allow a 'court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.'" *McCleary-*

*Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

Further, it is perfectly appropriate to consider matters of law on a 12(b)(6) motion, to determine

whether the facts as pled assert an actionable claim. *See, e.g.*, *Robinson v. Deutsche Bank Nat. Trust Co.*, 932 F. Supp. 2d 95, 103 (D.D.C. 2013). Applying these standards here, Plaintiffs have provided nothing more than (1) empty assertions that the regulations in question were violated and (2) citations to regulations whose language does not bear up Plaintiffs' allegations, prohibiting the Court from drawing any reasonable inference that any violations plausibly occurred. Plaintiffs' first cause of action must be dismissed on this basis.

Thus, because Plaintiffs fail to identify agency action or final action and fail to state a claim, their first cause of action must be dismissed.[2]

## II.     Plaintiffs Lack Standing to Assert Their Second Cause of Action

Plaintiffs' second cause of action alleging that the BALCA's *Island Holdings* decision is arbitrary and capricious fails for want of standing, and their arguments in opposition are unavailing. While Plaintiffs do state in their Complaint that DOL treated the *Island Holdings* decision as a test case, that fact is insufficient to establish that Plaintiffs have first-party standing here. Plaintiffs are simply not the parties appearing before the BALCA, nor the parties whose wages were determined by the BALCA's decision to invalidate the SPWDs as to *Island*

---

[2] Plaintiffs also argue that they have constitutional and prudential standing to bring their first cause of action, taking issue with the fifth footnote in the Government Defendants' motion to dismiss. The Government Defendants did not suggest that Plaintiffs lack standing to bring *any* aspect of their first cause of action. Rather, the Government Defendants merely noted that Plaintiffs had alleged in this cause of action that "DOL's actions have allowed the wages of similarly employed U.S. workers to be adversely affected by the importation of foreign workers," Compl. ¶ 69, and that to the extent Plaintiffs were seeking relief on this basis, as foreign workers they failed to assert an injury to themselves. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1386 (2014).

*Holdings*' workers.[3] Thus, the heightened pleading requirements articulated in *Lujan*'s third-party standing doctrine apply. 504 U.S. at 602.

In applying that doctrine here, as the Government Defendants pointed out in their moving brief, there are simply too many causal links in the chain to link BALCA's decision in *Island Holdings* to Plaintiffs' alleged injuries. DOL's alleged position that a pending administrative appeal released an employer from its duties to pay the SPWDs, Compl. ¶ 44, and the Employer Defendants' failures to pay the SPWDs, act as intervening causal events.[4] Therefore, Plaintiffs' fail to meet the causality requirements[5] to possess Article III standing to bring their second cause

---

[3] Plaintiffs' argument that *Island Holdings* is final agency action does not change the analysis. While the parties *directly* impacted by the decision may seek judicial review of the decision, Plaintiffs, who do not allege working for *Island Holdings* during the relevant time period, must prove that their injuries are fairly traceable to the decision in order to bring a claim. *Lujan*, 504 U.S. at 602. "Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. Second, third parties themselves usually will be the best proponents of their own rights." *Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976).

[4] Tellingly, Plaintiffs do not allege that *all* H-2B employers continue to pay *all* H-2B employees the 2008 skill level wage previously assigned; rather, the two or three dozen remaining Employer Defendants in this litigation are the only employers alleged to be non-compliant with the SPWDs. Comp. ¶ 44.

[5] While Plaintiffs spend a portion of their opposition brief arguing that they satisfy the redressability prong of the standing analysis, the Government Defendants did not specifically contest whether Plaintiffs satisfied that requirement. Rather, the Government Defendants' brief focused on the fact that Plaintiffs failed to sufficiently assert the independent causality requirement. *See* Dkt. 131, Govt. Defs.' Br. at 15–17.

of action.[6] *Cf. Comite de Apoyo A Los Trabajadores Agricolas v. Perez*, 46 F. Supp. 3d 550, 560

(E.D. Pa. 2014).

### III.   Plaintiffs Fail to Identify a Legal Duty to Act in Their Third Cause of Action.

In their opposition brief, Plaintiffs add several allegations to substantiate their argument

that the Government Defendants have failed to take a required action. First, Plaintiffs cite to 8

U.S.C. § 1101(a)(15)(H)(ii)(B),[7] 8 U.S.C. § 1182(a)(5)(A)(i)(II),[8] and 8 C.F.R. §

214.2(h)(6)(iv)(A)[9] for the proposition that DOL has a general duty to import foreign workers

---

[6] Plaintiffs quote *Lujan* and argue that because DOL is not a third party nor "not before the court," the third-party doctrine described in *Lujan* does not apply to the extent that DOL's actions had an effect on any H-2B employers' decision not to pay the SPWDs as issued by DOL separate and apart from the *Island Holdings* decision. *See* Pls.' Opp. Br. at 19. This argument does not hold water. To the extent that Plaintiffs argue that DOL and BALCA's actions should be conflated, Plaintiffs themselves highlight, in their Complaint and their briefing, the fact that DOL and the BALCA have different positions and effects on the issue of whether the H-2B SPWDs should be in force. *See* Compl. ¶¶ 60, 63, 64; Pls.' Opp. Br. at 22. Therefore, for the purposes of Plaintiffs' second cause of action, DOL's actions—as opposed to those of the BALCA—are not before the Court.

[7] 8 U.S.C. § 1101 (a)(15)(H)(ii)(B) defines an immigrant as every alien except, *inter alia*, an alien "having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform other temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country, but this clause shall not apply to graduates of medical schools coming to the United States to perform services as members of the medical profession."

[8] 8 U.S.C. § 1182(a)(5)(A) pertains to labor certifications for *permanent* employment-based immigrants, and is inapplicable in this case, which pertains to H-2B *nonimmigrant* labor certifications. That provision states that "[a]ny alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that--(I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor."

[9] 8 C.F.R. § 214.2(h)(6)(iv)(A) defines an H-2B nonagricultural temporary worker as "an alien who is coming temporarily to the United States to perform temporary services or labor without

under conditions that will not adversely affect the wages and working conditions of similarly

employed U.S. workers. Second, Plaintiffs argue that "the [Labor] Secretary has a duty to

operate his agency in a rational way." Pls.' Opp. Br. at 22. However, any general duty to

effectively administer the H-2B guest worker program does not translate into a specific legal

duty to undertake the discrete action of issuing the declaratory order at issue for the purposes of

5 U.S.C. § 706(1). In fact, Plaintiffs' argument requires the logical assumption that, by not

overruling the substance of the *Island Holdings* decision through a declaratory order—and, thus,

failing to reinstate the 2013 IFR over the 2008 wage rate as to work performed by certain

nonimmigrant workers in 2013—DOL is in violation of its statutory and regulatory mandates in

administering the H-2B program. However, the Supreme Court has been clear that plaintiffs

"cannot seek *wholesale* improvement of [a] program by court decree, rather than in the offices of

the Department or the halls of Congress, where programmatic improvements are normally

made." *Lujan*, 497 U.S. at 891; *see also SUWA*, 542 U.S. at 66 (declining to find that the sought-

after agency action was required under a general administrative provision because that statute "is

mandatory as to the object to be achieved, but leaves [the agency] with a great deal of discretion

in deciding how to achieve it" and further finding that the statute "assuredly does not mandate,

with the clarity necessary to support judicial action under § 706(1)," the sought-after agency

action); *see also, e.g.*, *Citizens for Responsibility & Ethics in Washington v. U.S. S.E.C.*, 916 F.

Supp. 2d 141, 149 (D.D.C. 2013).

---

displacing qualified United States workers available to perform such services or labor and whose
employment is not adversely affecting the wages and working conditions of United States
workers."

Plaintiffs also state that DOL has a legal duty under *Comite de Apoyo a los Trabajadores Agricolas v. Solis*, 933 F. Supp. 2d 700, 716 (E.D. Pa. 2013) ("*CATA II*") to issue the declaratory order. In support of this contention, Plaintiffs point to statements made by DOL in the Federal Register. Pls.' Opp. Br. at 21. Notably, Plaintiffs do not cite to the vacatur order itself. While the court in *CATA II* did vacate the 2008 wage rule as codified at 20 C.F.R. § 655.10(b)(2)) (Dec. 19, 2008),[10] *CATA II* did not legally require DOL to perform the discrete action at issue here: overruling *Island Holdings* by issuing a declaratory order to that effect.[11] *See SUWA*, 542 U.S. at 66; *see also, e.g.*, *Citizens for Responsibility & Ethics in Washington*, 916 F. Supp. 2d at 149. Therefore, the *CATA II* vacatur order is also an insufficient basis for Plaintiffs' § 706(1) claim.

As Plaintiffs themselves acknowledge, the case law they cite in support of the legal sufficiency of their third cause of action is inapposite. The cited cases all concern delayed agency actions that were both discrete and legally required: specifically, immigration and patent applications and administrative appeals. *Hyatt v. U.S. Patent & Trademark Office*, 110 F. Supp. 3d 644 (E.D. Va. 2015); *Palamarachouk v. Chertoff*, 568 F. Supp. 2d 460 (D. Del. 2008); *Fort Sill Apache Tribe v. Nat. Indian Gaming Comm'n*, 103 F. Supp. 3d 113 (D.D.C. 2015); *Hamadi*

---

[10] The Court may take judicial notice of the contents of the *CATA II* vacatur order, as it contains adjudicative facts. *See, e.g.*, *It's My Party, Inc. v. Live Nation, Inc.*, No. CIV. JFM-09-547, 2012 WL 78795, at *1 (D. Md. Jan. 10, 2012); WRIGHT & MILLER, 21B FED. PRAC. & PROC. EVID. RULE 201 (2d ed.).

[11] Indeed, *CATA II* was issued in March 2013, prior to BALCA's decision in *Island Holdings* in December 2013. Thus, its order did not contemplate *Island Holdings* and should not be used to justify compulsion of a declaratory order to overturn that decision. Further, DOL issued the 2013 IFR, with a new prevailing wage methodology, to comply with *CATA II*, 79 Fed. Reg. 24047, 24062, and *Island Holdings* had no effect on the IFR's continued applicability to all requests for prevailing wage determinations and to applications for temporary labor certifications in the H-2B program issued on or after April 24, 2013, the effective date of the IFR. 78 Fed. Reg. at 24,055.
Finally, whether the DOL is in compliance with the *CATA II* vacatur is an issue that should be decided by the *CATA II* issuing court, not a district court in the District of Maryland.

*v. Chertoff*, 550 F.Supp.2d 46 (D.D.C. 2008); *Rajput v. Mukasy*, C7-1029RAJ, 2008 WL 2519919 at *7 (W.D. Wash. June 20, 2008). These types of cases are substantially distinguishable from the case at bar and, thus, their persuasive value is minimal.

Therefore, Plaintiffs have failed to meet their burden of establishing that the Government Defendants were legally required to issue a declaratory order and their third cause of action must fail on this basis.

## IV. Plaintiffs Fail to Allege an Actual Controversy to Sustain Their Fourth Cause of Action.

Finally, Plaintiffs fail to overcome the fact that they do not allege an actual controversy in their cause of action for declaratory judgment. Plaintiffs' only argument in opposition is that DOL has stated that "'for purposes of judicial review,' . . . the SPWD wages *are* not due and owing," Pls.' Opp. Br. at 25 (quoting 79 Fed. Reg. 75183). However, Plaintiffs' quotation is misleading. DOL actually stated:

> Although the agency's administrative appellate regime may terminate with the BALCA's review because there is no procedure for appealing to a higher agency official . . . . [t]he lack of further administrative review simply means that the BALCA's decision is the final agency action for purposes of judicial review. However, as a neutral fact finder and arbiter of an employer's complaint, the BALCA's decisions do not necessarily represent the agency's authoritative interpretation of the regulation.

*Intent To Issue Declaratory Order*, 79 Fed. Reg. 75179-01. As the full quotation illustrates, DOL merely noted its position that *Island Holdings* constituted a final adjudicative order subject to judicial review pursuant to 5 U.S.C. § 704. Therefore, Plaintiffs fail to establish, either in their Complaint or in their opposition brief, an actual controversy between Plaintiffs and DOL on the issue of whether SPWDs are lawfully required and due and payable. Further, Plaintiffs do not

respond to Defendants' secondary argument that Plaintiffs' request for declaratory judgment fails

on ripeness grounds because Plaintiffs fail to allege a final agency action taken by DOL that

creates an actual controversy. Defs.' Br. at 21 n.11.

   For the foregoing reasons, the Government Defendants' motion to dismiss should be

granted.

   Dated: March 3, 2016                         Respectfully submitted,

                                                BENJAMIN C. MIZER
                                                Principal Deputy Assistant Attorney
                                                General, Civil Division

                                                WILLAM C. PEACHEY
                                                Director,

                                                GLENN M. GIRDHARRY
                                                Assistant Director,

                                                SARAH S. WILSON
                                                Trial Attorney

                                                /s/ *Vinita B. Andrapalliyal*
                                                Vinita B. Andrapalliyal
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division
                                                Office of Immigration Litigation
                                                District Court Section
                                                P.O. Box 868, Ben Franklin Station
                                                Washington, DC 20530
                                                Tel: (202) 598-8085
                                                Fax: (202) 305-7000
                                                vinita.b.andrapalliyal@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2016, the foregoing document was served electronically

by the Court's CM/ECF system on all counsel of record.


      Dated: March 3, 2016             <u>*/s/ Vinita B. Andrapalliyal*</u>
                                          Vinita B. Andrapalliyal
                                          Trial Attorney
                                          United States Department of Justice