## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PABLO GONZALEZ-AVILES, ET AL.     \*
                                      \*

v.                                \*        Civil No. – JFM-15-3463

THOMAS E. PEREZ, ET AL.        \*
                                        ******

### MEMORANDUM

Plaintiffs, two individuals who entered the United States on H-2B guest worker visas in 2013 to work for Outside Unlimited, Inc., have brought this action against Thomas Perez, in his official capacity as United States Secretary of Labor, Portia Wu, in her official capacity as Assistant Secretary, Employment and Training Administration, United States Department of Labor, and the so called Employer Defendants, consisting of businesses that employed United States and foreign workers pursuant to approved H-2B paper certifications in Maryland during 2013.  Defendants have filed motions to dismiss.  The motions will be granted.

The case arises from a decision of the Department of Labor's Board of Alien Labor Certification Appeals ("the BALCA"), holding that the Department of Labor lacks the authority to issue supplemental prevailing wage determinations in cases where the Department already approved labor certification applications.  Plaintiffs claim that (1) the Department should not have allowed the Employer Defendants to pursue challenges to SPWD determinations to BALCA, (2) BALCA's decision was arbitrary, capricious and contrary to law in violation of the APA, (3) the Department's actions in unreasonably delaying issuance of a decision with respect to a Declaratory Order proposed by the Department violated the Administrative Procedure Act, ("APA"), and (4) a declaration that the SPWD wages are lawfully required and due and payable.

Plaintiff s have joined the Employer Defendants under Fed. R. Civ. P. 19 on the ground that they

cannot obtain complete release in the absence of the Employer Defendants and that the

Defendant Employer's interest may, as a practical matter be impaired by the relief plaintiffs seek

against DOL.

Plaintiffs' claims fail because plaintiffs have failed to identify a final agency action. The

BALCA decision does not represent a "final decision" of the Department of Labor. Indeed, the

Department has contemplated issuing a "Declaratory Order" reversing the decision.[1]

Plainitffs' claims against the Employer Defendants likewise fail. They have no standing

to sue anybody other than Outside Unlimited, Inc., their employer.  Fed. R. Civ. P. 19 does not

create a cause of action against a party and allows joinder of persons only against whom a

plaintiff has a viable claim.  *See, e.g. Vieux Carre Prop Owners, Residents & Associates v.*

*Brown*, 875 F.2d 453, 457 (5th Cir. 1989); *Becker v. International Bhd. of Teamsters Local 120*,

2011 U.S. Dist. LEXIS 52424, @*6 (D. Minn. May 16, 2011).  I reject the view of the Ninth

Circuit that parties can be joined under Rule 19 when they have committed no wrong and are

---

[1]   There are other flaws in plaintiffs' claims.  Assuming that the BALCA decision does
constitute an "action" of the Department, it does not "mark the 'consummation' of the agency's
decision making process" and does not constitute an action "by which 'rights or obligations have
been determined.'"
      Plaintiffs' claim that BALCA's decision was "arbitrary and capricious" fails because
plaintiffs cannot establish their standing to assert the claim.  Plaintiffs were not parties to the
case that resulted in the BALCA decision.  They allege that they have been injured by the
decision only by virtue of the fact that the Department had stayed all their challenges to SPWD
in response to the BALCA decision.  This constitutes an "independent action" which prevents
the injury claimed by plaintiffs from being "fairly traceable" to the BALCO decision.  *See Lujan
v. Defenders of Wildlife*, 504 US 555, 561 (1992).
      Plaintiffs' claim that the Department unreasonably delayed issuing its Declaratory Order also
fails.  There is no requirement that the Department issue the Order and that is fatal to the claim.
*Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).
      Plaintiffs' fourth and final claim fails because a request for declaratory judgment must be
premised upon an "actual controversy" existing between the parties.  Here, there is no actual
controversy between plaintiffs and the Department because the Department has stated that it
agrees with plaintiffs' position on SPWD wages, contrary to the position taken by the BALCA.

joined solely so that plaintiffs can obtain complete relief. *See Lake Mohave Boat Owners Ass'n v. Nat'l Park Serv.*, 78 F.3d 1360, 1369 (9th Cir. 1995); E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 781-84 (9th Cir. 2005).  Plaintiffs do not allege that any of the defendants have acted unlawfully.  They have only sought to enjoin the Employer Defendants only on the ground that absent their joinder, they could not obtain full relief.

A separate order granting defendants' motion to dismiss is being entered herewith.

Date: *1/22/16*

_____
J. Frederick Motz
United States District Judge

BY: _____ DEPUTY

AT BALTIMORE
CLERK'S OFFICE

2016 JUL 17 PM 12: 07

DISTRICT COURT
U.S. DISTRICT COURT
FILED